**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| In re Application of Third Eye Capital Corporation for an Order Directing Discovery from Gregory McGrath Pursuant to 28 U.S.C. § 1782 | Case No. **2:22-cv-963**<br><br>**DECLARATION OF JOSHUA S. WAN IN SUPPORT OF *EX PARTE* PETITION FOR ASSISTANCE IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

I, Joshua S. Wan, declare as follows:

1. I am an attorney duly admitted to practice in New York. I am associated with the law firm DLA Piper LLP (US), attorneys of record for Third Eye Capital Corporation ("Petitioner" or "TEC") in this action. The facts set forth herein are personally known to me, and, if called as a witness, I could and would testify competently thereto.

2. Petitioner submits this application for assistance in aid of foreign proceedings that are within reasonable contemplation, in connection with arbitral awards rendered in its favor against Parakou Tankers Inc. ("PTI") (collectively, the "Awards"). PTI has refused to satisfy the Awards, and Petitioner is currently taking steps to commence judicial proceedings in the Marshall Islands (the domicile of PTI) and Singapore (where one or more wholly-owned corporate affiliates of PTI are domiciled) to enforce them. In addition, Petitioner is investigating commencing litigation in other jurisdictions in which PTI and/or its corporate affiliates do business.

**I.   THE AWARDS AND ANTICIPATED FOREIGN PROCEEDINGS**

3. On October 15, 2021, an arbitral tribunal of the London Maritime Arbitrators Association issued the Awards in Petitioner's favor and against PTI and its affiliates in the amount

of $10,652,065.53 plus costs and interest, relating to breaches of bareboat charter agreements between Petitioner and PTI's affiliates, as well as a guarantee between Petitioner and PTI. True and correct copies of the Awards are attached hereto as **Exhibits 1 and 2**.

4. PTI has not paid any part of the Awards, despite Petitioner's demand that it do so.

5. Petitioner is in the process of commencing enforcement proceedings against PTI in the Marshall Islands, where PTI is domiciled, and in Singapore, where one or more wholly-owned corporate affiliates of PTI are domiciled.

## II. PTI AND ITS RELATIONSHIP WITH THE PARAKOU GROUP

6. PTI is an industrial shipping company engaged in the seaborne transportation of liquid petroleum products that, until recently, owned a fleet of medium range shipping vessels. A true and correct archived copy of the "About Us" page on PTI's website is attached hereto as **Exhibit 3**.[1]

7. According to a December 2, 2014 SEC filing (the "December 2014 Filing") related to an aborted merger between PTI and a publicly traded Delaware corporation, Cambridge Capital Acquisition Corporation ("Cambridge"), PTI was incorporated under the laws of the Marshall Islands in January 2014 and is headquartered in Singapore and New York. A true and correct copy of the December 2014 Filing is attached hereto as **Exhibit 4**.

8. A December 2014 investor presentation filed by Cambridge with the SEC further notes that PTI is affiliated with Parakou (International) Limited ("PIL"). PTI and PIL are part of a broader group of "Parakou" entities (the "Parakou Group"), which began with the founding of Parakou Shipping Limited in 1985 in Hong Kong by Mr. Cheng Chan Liu ("C.C. Liu"), who is

---

[1] As of the filing of this Petition, it appears that both PTI's website (https://www.parakoutankers.com/) and PIL's website (https://www.parakougroup.com/) have been deactivated and can no longer be accessed. Petitioner has been able to access archived versions of PTI's website through public sources.

the father of PTI's Chairman and CEO, Por Liu.  A true and correct copy of the December 2014 investor presentation is attached hereto as **Exhibit 5**.

9. Upon information and belief, the Parakou Group is comprised of dozens of entities registered across at least ten different jurisdictions.  Petitioner further believes that PTI and/or its corporate affiliates owned numerous shipping vessels with the "PTI" or "Pretty" prefix (*e.g.*, "PTI Cygnus," "Pretty Scene") through vessel-specific special purpose vehicles ("SPVs") established for the sole purpose of owning these assets.

10. According to the December 2014 Filing, as of December 2, 2014, PTI's fleet consisted of eight shipping vessels, which were transferred in July 2014 from PIL.  Upon information and belief, PTI has transferred each of these vessels to a series of single-purpose entities that are owned by a Chinese bank, though Petitioner has obtained information suggesting that PTI retains a beneficial, if undisclosed, interest in each of them.

11. On November 8, 2021, approximately three weeks after the Awards were issued, PTI filed a notice with the Marshall Islands Registrar of Corporations, signed by Por Liu in his capacity as Chairman, CEO, and sole shareholder of PTI, stating that PTI intends to voluntarily dissolve.  A true and correct copy of PTI's Articles of Dissolution, dated November 8, 2021, is attached hereto as **Exhibit 6**.

12. Petitioner believes that PTI commingles funds with, and/or fails to observe proper corporate formalities with respect to, its corporate affiliates, and that it engages in these actions for purposes of frustrating its creditors and avoiding liabilities.  Although the various subsidiaries of the Parakou Group purport to be independent companies that operate separate businesses, Petitioner understands there is significant intermingling of assets between the various affiliates.

For example, although PTI has purportedly sold many of its shipping vessels, Petitioner believes that PTI has retained beneficial ownership over these assets.

13. Furthermore, according to public litigation documents, Parakou entities affiliated with PTI and its Chairman and CEO, Por Liu, have been the subject of decisions of courts that have found that those entities have abused the corporate form in an attempt to avoid liabilities. For example, in a decision dated January 17, 2018, the Singapore Court of Appeal found that Por Liu and other directors of Parakou Shipping Pte Ltd, a Singapore-based Parakou affiliate incorporated in 1995, faced with a significant claim by a contractual counterparty, stripped the entity of assets by carrying out a series of rapid disposals of assets within a period of less than two months in an effort to evade creditors under the guise of a "restructuring plan." A true and correct copy of the Singapore Court of Appeal decision is attached hereto as **Exhibit 7**.

### III. PTI'S RELATIONSHIP WITH GREGORY MCGRATH

14. According to the Form S-4 that was filed in connection with the aborted merger between PTI and Cambridge, Gregory McGrath has been the Chief Financial Officer of PTI since the company's inception. A true and correct copy of Amendment No. 3 to Cambridge Holdco., Inc.'s Form S-4, filed on March 19, 2015, is attached hereto as **Exhibit 8**.

15. In addition, in connection with its Articles of Dissolution discussed above, PTI issued a notice to its creditors and claimants on November 8, 2021, stating that all creditors and claimants must present their claims "at the offices of Gregory A. McGrath at 12 Turtle Road, Morristown, New Jersey, 07960," and identifying Mr. McGrath as PTI's "Legal Representative/Administrator." A true and correct copy of PTI's notice to creditors and claimants is attached hereto as **Exhibit 9**.

16. Petitioner seeks *ex parte* relief because, as the courts in this District have held, applications for judicial assistance pursuant to 28 U.S.C. § 1782 are appropriately brought on an

*ex parte* basis because the respondent may challenge the subpoena after it is served. *See In re Martin & Harris Private Ltd.*, Civil Action No. 20-17070 (MCA) (MAH), 2021 WL 2434069, at *2 n. 2 (D.N.J. June 14, 2021) ("Courts presented with an *ex parte* application under § 1782 routinely allow the initial application to proceed on an *ex parte* basis.") (collecting cases).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       February 23, 2022

                                              _____
                                              Joshua S. Wan