UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re Application of Third Eye Capital Corporation for an Order Directing Discovery From Gregory McGrath Pursuant to 28 U.S.C. § 1782** : : : : : : | Civ. No. 22-963 (JXN) (MAH)<br><br>OPINION |

This matter comes before the Court on the *ex parte* Petition of Third Eye Capital Corporation ("TEC") pursuant to 28 U.S.C. § 1782 for authorization to issue subpoenas to Gregory McGrath for documents and deposition testimony concerning the relationship between Parakou Tankers Inc. ("PTI") and its shareholders and corporate affiliates.[1]  For the reasons set forth herein, the Court will grant the motion.

I. **Background**

PTI is an industrial shipping company that transports liquid petroleum products. Declaration of Joshua S. Wan, Esq. in Support of Ex Parte Petition for Assistance in Aid of a Foreign Proceeding pursuant to 28 U.S.C. § 1782, Feb. 23, 2022, D.E. 3 ("Wan Decl.") at ¶ 6. Petitioner asserts that PTI is headquartered in New York and Singapore, and is incorporated under Marshall Islands law. *Id*. at ¶ 7 & Exh. 4.  Petitioner, relying on filings with the Securities and Exchange Commission, asserts that PTI is affiliated with Parakou (International) Limited ("PIL"), in that PTI and PIL are part of dozens of entities registered in many different jurisdictions that collectively operate or are affiliated as a group. *Id.* at ¶¶ 8-9.  Petitioner alleges

---

[1] Petitioner seeks to serve two subpoenas on Mr. McGrath.  The first is to produce documents concerning PTI's assets, investments, liabilities, and communications for the period of January 1, 2017 to the present.  The second is for Mr. McGrath to testify in a deposition concerning those topics, as well as PTI's observance of the corporate form.  *See* Motion for Issuance of Letters Rogatory, Appx. A, D.E. 1-1.

1

that PTI or its affiliates owned numerous shipping vessels through "vessel-specific special purpose vehicles ('SPVs') established for the sole purpose of owning these assets." *Id.* at ¶¶ 8-10.  However, in or around 2014, PTI or PIL transferred vessels to single-purpose entities owned by a Chinese bank, with PTI retaining some beneficial interest.  *Id.* at ¶ 10.

On October 15, 2021, an arbitration panel of the London Maritime Arbitrators Association issued an award of $10,652,065.53 in favor of Petitioner and against PTI and its affiliates.  *Id.* at ¶ 3 & Exhs. 1-2.  The awards pertained to claims by Petitioner that PTI and/or its affiliates had breached charter agreements and a guarantee.  *Id.*  Petitioner represents that PTI has paid nothing to satisfy the awards.  *Id.* at ¶ 4.  Instead, on November 8, 2021, PTI filed notice with the Marshall Islands Registrar of Corporations of PTI's intention to voluntarily dissolve.  *Id*. at ¶ 11 & Exh. 6 (November 8, 2021 Notice of Dissolution filed by PTI).  On March 4, 2022, Petitioner initiated proceedings in the General Division of the High Court of the Republic of Singapore (the "Singapore Action") to enforce the arbitration award.  March 8, 2022, Letter Memorandum from Petitioner's Counsel, D.E. 12, at 1-2.  *See also* Memorandum of Law in Support of Ex Parte Proceeding for Assistance in Aid of Foreign Proceeding Pursuant to 28 U.S.C. § 1782, D.E. 2 ("Petitioner Memo."), at 4 (stating that Petitioner may initiate litigation in other jurisdictions where PTI is known to do business).

Petitioner alleges that PTI fails to observe appropriate corporate formalities in its interactions with the corporate affiliates, and commingles funds with those affiliates to allow PTI to avoid or frustrate creditors.  Wan Decl. at ¶ 12; *see also* Petitioner Memo. at 2.  According to Petitioner, courts presiding over litigation involving Parakou entities affiliated with PTI, and its Chairman and CEO Por Liu, have remarked that those entities sought to avoid liabilities by abusing the corporate form.  Wan Decl. at ¶ 13.  Petitioner points to a January 17, 2018 ruling by

2

the Court of Appeals for the Republic of Singapore in liquidation proceedings that Parakou Investment Holdings PTE Ltd. brought against Parakou Shipping Pte Ltd. ("PSPL"). *Id.* Por Liu was apparently an officer of PSPL. *Id.*; *see also* Wan Decl., Exh. 7 (January 17, 2018, decision of the Court of Appeal of the Republic of Singapore in *Parakou Investment Holdings PTE Ltd. v. Parakou Shipping PTE Ltd.*), at p. 2, ¶ 4; *see also id.* at p. 23, ¶¶ 50-51 (finding that while Por Liu was not a de facto director, he was a Vice President with power of attorney and with "wide authority" to address company affairs). In a comprehensive opinion, the Court of Appeals upheld the lower court's finding that PSPL had no legitimate plan to restructure Parakou. *Id.* at pp. 14, 17-19, ¶¶ 37, 39-41. The court observed that within a period of only a few months, the defendants had disposed of three vessels, and that there was scant evidence of an actual restructuring plan for Parakou. *Id.* The court noted that defendants' evidence "reveals only a plan for CC Liu and Chik to transfer their shares (and possibly their directorships) in Parakou to their son. It does not demonstrate any intention to jettison certain parts of the business of Parakou, which was in fact [what] transpired, allegedly pursuant to a restructuring plan." *Id.* at p. 17, ¶ 39.

Petitioner asserts that the individual to be subpoenaed, Gregory McGrath, has served as PTI's Chief Financial Officer since PTI's inception. Petitioner maintains that the Articles of Dissolution that PTI filed on November 8, 2021 identified McGrath as its "Legal Representative/Administrator[,]" and directed creditors to present any claims to him at his offices in Morristown, New Jersey. Wan Decl. at ¶¶ 14-15 & Exhs. 8 (March 19, 2015 Amendment to S-4 filings by Cambridge Holdco, Inc.), Exh. 9 (November 8, 2021 Notice to Creditors and Claimants).

II.     **Legal Standard and Analysis**

Section 1782(a) of Title 28 of the United States Code provides in pertinent:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Three statutory prerequisites must be satisfied for the court to grant an application under § 1782(a): "the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or "'any interested person.'" *In re Application of Microsoft Corp.*, 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006); *accord In re Application for Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, Civ. No. 17-4269, 2019 WL 168828, at *5 (D.N.J. Jan. 10, 2019) (citing *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)).

Here, the Court is satisfied that Petitioner has satisfied the statutory prerequisites. First, Petitioner has produced evidence sufficient to establish, at least for purposes of this application, that Gregory McGrath has operated as a legal representative and administrator for PTI from an office in Morristown, New Jersey. Wan Decl. at ¶¶ 14-15 & Exhs. 8-9. PTI's articles of dissolution instructed creditors and claimants to present any claims to Mr. McGrath at his Morristown, New Jersey office. *Id*. at ¶ 15 & Exh. 9.

Second, Petitioner seeks the discovery in connection with foreign judicial proceedings. Specifically, Petitioner initiated, on March 4, 2022, the Singapore Action to enforce the foreign arbitration award. March 8, 2022, Letter Memorandum from Petitioner's Counsel, D.E. 12, at 1-

4

2.[2] Petitioner also contemplates additional enforcement actions in other jurisdictions where PTI is known to conduct business. Petitioner Memo. at 4.

Discovery sought may be considered "for use" in a foreign proceeding if it "will be employed with some advantage or serve some use in the proceeding." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015). The traditional relevance standard under Federal Rule of Civil Procedure 26 is not necessarily the benchmark, however. Instead, the issue is whether the Petitioner "will actually be able to *use* the information in the proceeding." *Certain Funds, Accounts, and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120 (2d Cir. 2015). At this stage of the proceeding, and without prejudice to any challenge to the subpoenas, the Court is satisfied that the discovery Petitioner seeks is for use in the Singapore Action. In seeking to enforce the arbitration award following PTI's notice of intention to voluntarily dissolve, it is reasonably foreseeable that issues concerning PTI's corporate structure, its observance of that corporate form, its relationship with corporate affiliates, and its assets, will arise in the Singapore Action.

Petitioner also satisfies the third statutory prerequisite. It is an interested party in the Singapore Action, having initiated that action to enforce the arbitration award.

---

[2] When Petitioner initiated this action, it had not yet filed the Singapore Action. The Court required Petitioner to file a supplemental letter addressing the applicability of § 1782(a) to contemplated actions. Text Order, March 2, 2022, D.E. 5. Petitioner responded on March 8, 2022. D.E. 12. Although the filing of the Singapore Action now moots this issue, it bears noting that in *Intel Corp.*, the Supreme Court instructed that the discovery may be sought for a reasonably contemplated proceeding, as opposed to a pending or imminent one. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also id.* at 249 (noting "Congress introduced the word 'tribunal' to ensure that 'assistance is not confined to proceedings before conventional courts,' but extends also to 'administrative and quasi-judicial proceedings'"); *In re JSC United Chem. Co. Uralchem,* Civ. No. 20-3651, 2020 WL 4251476, at * 4 (D.N.J. July 24, 2020) (recognizing "A foreign proceeding need not be pending at the time a Section 1782 application is filed, provided it is 'within reasonable contemplation'") (quoting *Intel*, 542 U.S. at 259).

The decision whether to grant an application pursuant to § 1782(a) is a discretionary one. *Intel Corp.*, 542 U.S. at 264; *In re Biomet Orthopaedics Switz. GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018). Therefore, even if the petitioner satisfies the above statutory prerequisites, the Court must also take into account the following considerations, which are commonly referred to as the *Intel* factors:

> (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent [S]ection 1782 aid;
>
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; [and]
>
> (4) whether the subpoena contains unduly intrusive or burdensome requests.

*In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (citing *Intel Corp.*, 542 U.S. at 264-65). "A district court's discovery discretion under § 1782 'must be exercised in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38 (2d Cir. 2017) (quoting *Mees*, 793 F.3d at 297-98).

In this case, the Court is satisfied that the *Intel* factors weigh in favor of granting Petitioner's request. First, Petitioner represents that Mr. McGrath is not expected to be a party to the Singapore Action or any related foreign proceeding, and does not reside in a relevant foreign jurisdiction. Petitioner Memo. at 5. Therefore, at this juncture, the Court cannot conclude that

the court presiding over the Singapore Action likely would have jurisdiction to require Mr. McGrath to comply with the subpoenas.

Concerning the second and third factors, Petitioner represents that the Singapore Action seeks to enforce the arbitration award, in which discovery concerning the subjects of the subpoenas may be useful and relevant. As such, the Court cannot say at this point that the Petitioner's request attempts to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264-65.

Finally, the Court must consider whether the discovery sought is unduly intrusive or burdensome. At this juncture, and without prejudice to any objections to the subpoenas, the Court concludes that the subpoenas are neither unduly intrusive nor burdensome. However, once Petitioner serves the subpoenas, Mr. McGrath may make an application to modify or quash the subpoenas.

### III.   Conclusion

For the reasons set forth above, the Court will grant the Petition. An appropriate form of Order accompanies this Opinion.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

Dated: March 10, 2022